**Albert BALLARD, Plaintiff,**

v.

**Jerald TERRAK, Individually and as a
police officer of the City of Mil-
waukee, et al., Defendants.**

**No. 71–C–350.**

United States District Court,
E. D. Wisconsin.

Dec. 22, 1972.

See also, D.C., 56 F.R.D. 45.

Milwaukee Legal Services by Stuart E. Schmitz, Milwaukee, Wis., for plaintiff.

James B. Brennan, City Atty., by Thomas E. Hayes, Asst. City Atty., Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff in this § 1983 action seeks money damages from three Milwaukee policemen for injuries allegedly sustained as the result of a beating administered to the plaintiff by the defendants. The plaintiff has served certain interrogatories upon the defendants. These interrogatories were answered with the exception of interrogatories numbered 12, 48, and 50. The plaintiff has moved to compel answers to these interrogatories.

Interrogatory number 12 seeks information concerning the identity of any persons present in the police van at the time that the plaintiff was transported to the place of detention, the reason for such persons being conveyed, and whether such persons were arrested, and if so, the reason for their respective arrests. Interrogatory number 48 seeks information concerning the identity of any per-

sons who purport to have knowledge of facts relevant to the arrest and detention of the plaintiff on May 1, 1971. Interrogatory number 50 seeks to learn the identity and nature of any documentary materials relevant to the arrest and detention of the plaintiff.

The defendants object to the discovery of these matters and assert a claim of privilege against their disclosure to protect the names and reputations of those persons who may have been in the custody of the Milwaukee police department. In support of this claim of privilege, the defendants rely upon Menard v. Mitchell, 139 U.S.App.D.C. 113, 430 F.2d 486 (1970) and United States v. Kalish, 271 F.Supp. 968 (D.P.R.1970).

Neither of these two cases support the defendants' contentions. *Menard* and *Kalish* involve arrestees who sought to expunge the record of their arrests and prevent possible embarrassment if the records of their arrests were routinely made available to the public upon demand. Neither of said cases involved the concealment of possible witnesses under a claim of privilege.

Rule 26(b), Federal Rules of Civil Procedure, permits the discovery of any matter, not privileged, which is relevant to the subject matter involved in the pending action and specifically authorizes the discovery of persons having knowledge of any discoverable matter. The court may, under compelling circumstances, refuse to compel a party to disclose the identity of a witness. Zwack v. Kraus Bros. & Co., 237 F.2d 255 (2d Cir. 1956). However, no such compelling circumstances here exist.

In an order dated June 16, 1972, this court held, in response to a motion for a protective order by Chief Breier, that the plaintiff in this case was entitled to explore those records maintained by the police department in the ordinary course of its operation other than internal personnel investigation reports.

I find that the potential embarrassment of any person sought to be discovered by the plaintiff's interrogatories is outweighed by the possible miscarriage of justice to the plaintiff should the identity of a material witness be concealed.

In connection with interrogatory number 50, the defendants assert an attorney work-product privilege to the discovery of any book, record, or reports made in the ordinary course of business, other printed or documentary material or photographs, drawings, or documents, or other tangible objects which are relevant to the arrest and detention of the plaintiff.

The present state of the record does not establish the fact that the materials sought to be discovered fall within the work-product privilege. The plaintiff is not entitled to circumvent the court's ruling concerning the internal personnel investigative reports, but the plaintiff is entitled to discover the nature of any relevant documentary materials. Justice Murphy noted in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) that the fact that the facts were gathered by the attorney does not protect them from discovery.

Therefore, it is ordered that the plaintiff's motion to compel answers to interrogatories numbered 12, 48, and 50 be and hereby is granted.